NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IRMA VALDOVINOS
ENRIQUEZ; FERNANDO DANIEL
RAMIREZ VALDOVINOS,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-1272

Agency Nos.
A202-097-592
A202-097-593

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2024**
Pasadena, California

Before: SANCHEZ and DE ALBA, Circuit Judges, and ZIPPS, Chief District
Judge.***

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jennifer G. Zipps, United States Chief District Judge
for the District of Arizona, sitting by designation.

Irma Valdovinos Enriquez and her minor son Fernando Daniel Ramirez Valdovinos (collectively "Valdovinos Enriquez") are natives and citizens of Mexico. Valdovinos Enriquez petitions for review of a Board of Immigration Appeals ("BIA") order dismissing her appeal from an Immigration Judge's ("IJ") order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Adverse credibility findings are reviewed under the substantial evidence standard. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). In reviewing the agency's adverse credibility finding, we must look to the "totality of the circumstances and all relevant factors." *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc). Even if a petitioner "offer[s] facially plausible explanations for some, if not all, of the inconsistencies and omissions identified," such explanations do not necessarily "compel credence" in the face of the agency's "specific, cogent reasons" for an adverse credibility finding. *Dong v. Garland*, 50 F.4th 1291, 1300-01 (9th Cir. 2022).

Here, the BIA affirmed the IJ's adverse credibility finding after the IJ offered nine specific and cogent reasons for the finding. On appeal, Valdovinos Enriquez challenges only three, and does not challenge other substantive inconsistencies and omissions that provide substantial evidence to support the

2                                                                    23-1272

agency's adverse credibility determination. For example, the agency noted "significantly changing testimony concerning an alleged break-in at her mother and/or brother's house or houses" and "the timing of her alleged filing of a report with the authorities as well as which incident she reported." Because these inconsistencies were not challenged by Valdovinos Enriquez and go to the heart of her claim of persecution, they "doubtless [are] of great weight" and support the agency's denial of Valdovinos Enriquez's claims for asylum and withholding of removal. *Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010); *see also Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017) (per curiam).

2. Substantial evidence also supports the agency's denial of protection under CAT. Because CAT claims are "analytically separate from an application for asylum," *Almaghzar v. Gonzales*, 457 F.3d 915, 921 (9th Cir. 2006), "[a]n adverse credibility determination is not necessarily a death knell to CAT protection." *Shrestha*, 590 F.3d at 1048. Even in the absence of credible testimony, a petitioner's CAT claim may rest on independent evidence such as "country conditions reports and other corroborating evidence in the record." *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020).

Valdovinos Enriquez's application for relief contains no supplemental documents, letters, or affidavits that independently establish her claim for CAT relief. Because Valdovinos Enriquez's CAT claim rests entirely on country

conditions reports, a reversal of the agency's denial would require us to find "that the reports alone compelled the conclusion that [the petitioner] is more likely than not to be tortured." *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (alteration in original) (quoting *Shrestha*, 590 F.3d at 1048-49). However, the country conditions reports do not establish any particularized risk to Valdovinos Enriquez of being tortured at the instigation or with the consent or acquiescence of the Mexican government. Where a petitioner's fear of torture is "entirely speculative and unsupported by the record," substantial evidence supports the denial of protection under CAT. *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1201 (9th Cir. 2023).

**PETITION DENIED.**